IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:19CR220 |
| vs. | |
| LYDIA MORAA MATUNDA, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the Revised Modified Presentence Investigation Report (RPSR) and addendum in this case. The defendant has filed a motion for variance ([Filing No. 22](#)) and objected to the RPSR ([Filing No. 23](#)). The government adopted the RPSR ([Filing No. 21](#)) and has filed a response regarding Defendant's objection to the RPSR ([Filing No. 27](#)).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by United States v. Booker, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the [18 U.S.C. § 3553(a)](#) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and

    (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a

sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the RPSR's three level enhancement for Count 1 for a dangerous weapon being possessed, and its use was threatened under U.S.S.G. § 2A2.4(b)(1)(B). Defendant has also objected to the RPSR's eight level enhancement for Count 2 for the offense involving (A) either the conscious or reckless risk of death or serious bodily injury, or (B) possession of a dangerous weapon in connection with the offense conduct under U.S.S.G. § 2B1.1(b)(16). Specifically, the defendant claims there is no evidence that Defendant used her car as a weapon and was only using her car for transportation purposes. Defendant, citing *United States v. Wallace,* 852 F.3d 778 (8th Cir. 2017), is equating the intent necessary to sustain a conviction for assault with a dangerous weapon in 18 U.S.C. §111(b) with the intent to employ a weapon under the relevant assessed Guideline enhancements. Defendant claims she used her car purely for flight to commit Count 1 but had no intent to threaten harm to officers.

When the defendant objects to any of the factual allegations contained therein on an issue on which the government has the burden of proof, such as the base offense level and any enhancing factors, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). Accordingly, the Court will determine on the evidence presented at sentencing whether the government has shown that the defendant's used her vehicle, or threatened to use her vehicle, as a dangerous weapon.

The defendant has also filed a motion for variance ([Filing No. 22](Filing No. 22)) asking the Court to vary from the Guidelines range based on her personal circumstances and the § 3553(a) factors. The Court will resolve that motion at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

7. If the parties require more than one hour for sentencing, counsel must contact Mary Beth McFarland by e-mail, mary_beth_mcfarland@ned.uscourts.gov.

Dated this 8th day of November, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge